IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DANNIE WAYNE WEAVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 16-1134-JDT-egb |
| ) | |
| HENDERSON COUNTY, ) | |
| ) | |
| Defendant. ) | |

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL,
ADOPTING REPORT AND RECOMMENDATION AS MODIFIED, DISMISSING
COMPLAINT AND GRANTING LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Dannie Wayne Weaver, a resident of Henderson, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on June 1, 2016, accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) United States Magistrate Judge Edward G. Bryant subsequently granted leave to proceed *in forma pauperis*. (ECF No. 5.) On November 15, 2016, Magistrate Judge Bryant issued a Report and Recommendation ("R&R") in which he recommended dismissing the case *sua sponte*. (ECF No. 6.) Plaintiff filed a timely objection on November 28, 2016 (ECF No. 8), along with a motion for appointment of counsel (ECF No. 7).

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir.

1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same).

Plaintiff has not satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel. Nothing in Plaintiff's motion serves to distinguish this case from the many other cases filed by *pro se* plaintiffs who are not trained attorneys. Therefore, the motion for appointment of counsel is DENIED.

Plaintiff has sued the Henderson County Criminal Justice Complex ("Jail"). He alleges that when he was taken into custody he told the nurse at the Jail that he took five heart medications each day and that he had been on pain management for fifteen years. However, Plaintiff alleges no effort was made to get the medications that he needed. He received no heart medication, allegedly leading to a heart attack and cardiac arrest. Plaintiff also allegedly received no pain medication other than Ibuprofen, which only minimally helped his back pain. Specifically, Plaintiff states that he was not given his Gabapentin for neuropathy, resulting in "torturous pain 24/7". (ECF No. 1 at 2.) He seeks unspecified compensatory damages for his terrible pain "that was caused to exist and persist 24/7

by the policy of the [Jail]." (*Id.* at 3.) In the R&R, Magistrate Judge Bryant determined that Plaintiff's complaint does not state a claim against the Jail under 42 U.S.C. § 1983.

Although the Magistrate Judge stated that the Jail was not a suable entity, the Court construes the claims as claims against Henderson County. A local government such as a muncipality or county "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). In this case, although Plaintiff has alleged, in a conclusory manner, that his injuries are due to a policy of the Jail, he has

3

not adequately identified the specific policy or custom he contends was unconstitutional or alleged how he was injured by that official custom or policy.[1]

The Court hereby ADOPTS the R&R insofar as the Magistrate Judge determined that the complaint fails to state a claim on which relief may be granted; therefore, the complaint is DISMISSED for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, leave to file an amended complaint is GRANTED.

Plaintiff is advised that an amended complaint will supersede the original complaint and must be complete in itself without referring to the original complaint. Plaintiff may add additional defendants provided that the claims against the new parties arise from the acts and omissions in the original complaint.[2] Any amended complaint must be filed within thirty days after the date of this order.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] It is not sufficient for Plaintiff to allege merely that the Jail had a "policy" of failing to give him his medication. He must identify an *official* County policy or custom that caused his injuries.

[2] Plaintiff filed another case, *Weaver v. Tenn. Hwy. Patrol*, No. 16-1121-JDT-egb (W.D. Tenn. Jan. 3, 2017) (dismissed for failure to state a claim), in which he also raised claims concerning the alleged lack of medical care and resulting heart attack. In order to avoid having similar claims by Plaintiff filed in two different cases, Plaintiff may raise all of his medical claims in any amended complaint filed in this case, including those concerning the alleged failure to provide heart medications and his heart attack.