IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| DANNIE WAYNE WEAVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-1134-JDT-egb |
| | ) | |
| HENDERSON COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DIRECTING ENTRY OF JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Dannie Wayne Weaver, a resident of Henderson, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on June 1, 2016. (ECF No. 1.) On June 3, 2016, U.S. Magistrate Judge Edward G. Bryant granted Plaintiff's motion for leave to proceed *in forma pauperis*. (ECF No. 5.) Magistrate Judge Bryant then issued a Report and Recommendation ("R&R") on November 15, 2016, in which he recommended dismissing the case *sua sponte*. (ECF No. 6.) Plaintiff filed a timely objection to the R&R. (ECF No. 8.)

On January 10, 2017, the Court adopted the recommendation to dismiss the complaint for failure to state a claim but also granted leave to file an amended complaint within thirty days. (ECF No. 10.) However, Plaintiff did not file an amended complaint. Therefore, on February 24, 2017, the Court ordered Plaintiff to show cause, on or before March 6, 2017,

why judgment should not be entered in accordance with the prior order of dismissal. (ECF No. 11.) Plaintiff was warned that failure to respond would result in the entry of judgment without further notice or hearing. (*Id.* at 2.)

Plaintiff has failed to respond to the Court's order to show cause. Therefore, judgment will be entered in this case based on the January 10, 2017, order dismissing the complaint for failure to state a claim.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. A non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). However, Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*,

722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion for leave to appeal *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                            s/ **James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE